The State, ex rel. Hatfield, v. Ireland et al.

No. 16,261.

THE STATE, EX REL. HATFIELD, v. IRELAND ET AL.

QUO WARRANTO.—*Information.*—*Relator's Interest Must be Shown.*—In an action to dissolve a corporation, brought by an individual, the information must disclose the relator's interest in the subject-matter of the action; and merely alleging "that the relator claims an interest in the corporation and franchise which is the subject of this information," is not sufficient.

From the Huntington Circuit Court.

*J. M. Hatfield* and *E. E. Kelsey,* for appellant.

*J. B. Kenner,* for appellees.

MILLER, J.—The appellant filed an information in the circuit court, which, omitting the caption, is as follows:

" The relator herein gives the court to understand that the defendants are acting within this State as a corporation without being legally incorporated, and have been so doing for more than six months last past, usurping the franchise of being a corporation by the name of the ' Huntington City Building, Loan and Savings Association,' and in that name of pleading and being impleaded, answering and being answered, contracting and being contracted with, and of holding, using, acquiring, selling, conveying and otherwise disposing of property, real and personal, within the State of Indiana; that relator claims an interest in the corporation and franchise which is the subject of this information.

" Wherefore, the plaintiff prays the court that the defendants be required to show by what right, if any, they claim to have, use and enjoy the liabilities, privileges and franchises aforesaid, and that they be ousted from using the same."

The court sustained a demurrer to this pleading, and this ruling is assigned as error here.

The appellees contend, and we think rightfully, that the information does not disclose such interest in the subject

The State, *ex rel.* Hatfield, *v.* Ireland *et al.*

matter of the action as will enable the relator to maintain the suit.

This involves the construction of two sections of our code of procedure, which are as follows:

" Section 1132. The information may be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information.

" Section 1133. The information shall consist of a plain statement of the facts which constitute the grounds of the proceeding, addressed to the court."

We do not regard the statement in the information that the relator " claims an interest " as an allegation of an issuable fact, but simply of a conclusion of the pleader, not predicated upon any facts disclosed in the pleading. We are satisfied that one of the facts, to be plainly stated in the information, is the nature of the interest claimed by the relator in the franchise or corporation, when the court can, as a matter of law, determine whether it is such an interest as will give him a standing in court to maintain the action.

The nature of the interest which a relator claims is one peculiarly within his own knowledge, and it can be no hardship upon him to disclose the facts which, in his opinion, entitle him to occupy the time of the court, and to require the defendants to show their authority to act as a corporation.

For aught that appears in the pleading, the interest claimed by the relator may be such as to estop him from questioning its existence as a corporation.

Judgment affirmed.

Filed Dec. 15, 1891.